UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE I. MARSCHNER,

                    Plaintiff,

                                        CIVIL CASE NO. 03-40307

v.

RJR FINANCIAL SERVICES, INC., and      HONORABLE PAUL V. GADOLA
STERLING MORTGAGE & INVESTMENT         U.S. DISTRICT COURT
CO.,

                    Defendants.
_____/


**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**


    This action arises out of Plaintiff Lance Marschner's home
equity loan which was obtained from Defendant Sterling Mortgage and
Investment Company by Defendant RJR Financial Services, which was
acting as a broker.  In the complaint, Plaintiff alleges that the
loan violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601,
et seq., and the Home Ownership and Equity Protection Act
("HOEPA"), 15 U.S.C. § 1639.  Plaintiff also alleges that
Defendants' conduct was a breach of fiduciary duty and a violation
of the Michigan Consumer Protection Act, M.C.L. § 445.903.  The
Court, though, declined to exercise supplemental jurisdiction over
these two state law claims and dismissed them without prejudice.
See Order of Partial Dismissal (Nov. 24, 2003).  Through

stipulation of the parties, Defendant RJR Financial Services, Inc., was voluntarily dismissed from the action.  Thus, only Defendant Sterling Mortgage and Investment Company ("Defendant") and the federal TILA and HOEPA claims remain.

Before the Court is Defendant's motion for summary judgment, filed on October 19, 2004, and Plaintiff's cross-motion for summary judgment, filed on November 17, 2004.  The Court held a hearing on these motion on April 8, 2005, at which time the parties were allowed to submit supplemental briefing.  All briefing and argument having been concluded and considered, the Court will deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment.

## I.   Background

On March 6, 2002, Plaintiff inherited real property and a residence from his mother's estate.  In order to make improvements on the property and to pay off delinquent taxes, Plaintiff acquired the services of RJR Financial Services to assist Plaintiff in refinancing his home.  Through RJR Financial's assistance, Plaintiff entered into a mortgage with Defendant on June 13, 2002.

The principal amount of the mortgage was $21,000.  The interest rate on the mortgage note was 14.5%, with a post-default

rate of 15.5%.[1]  The term of the loan was ten (10) years, yet the loan payments were amortized  over a thirty (30) year period.  This resulted in monthly payments of $286.76 and a balloon payment of $12,473.21 due at the expiration of the ten years.  The fees and points included in the loan totaled $4,025.00, which accounted for 24% of the loan amount.  Due to the high interest rate and the high fees and points, initial annual percentage rate was 19.333%.

Plaintiff became delinquent in his payments, whereupon Defendant accelerated the loan and began foreclosure proceedings. The property was sold at a sheriff's sale on May 23, 2003.  Because there were no third-party bidders, a sheriff's deed was issued to Defendant.   On November 20, 2003, three days prior to the expiration of Plaintiff's six month statutory redemption period, which expired on November 23, 2003, Plaintiff filed this action. Plaintiff attempted service of summons on December 8, 2003 and accomplished actual service on December 9, 2003.  Defendant, then, learned of Plaintiff's intention to exercise his right to rescission sixteen days after the redemption period expired.

---

[1] Defendant produced an unsigned letter dated June 27, 2002 which purports to confirm the deletion of that portion of the note which provided for the post-default increase in interest rate.  <u>See</u> Def. Ex D.  The letter was not included in Defendant's initial disclosures as required by Fed. R. Civ. P. 26(a)(1).   In accordance with Fed. R. Civ. P. 37(c)(1), Defendant is therefore not permitted to rely on the letter.

## II.  Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Martin v. Ohio Turnpike Comm'n, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party.  60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).  The Court is not required or permitted, however, to judge the evidence or make findings of fact.  Id. at 1435-36.  The moving party has the burden of showing conclusively that no genuine issue of material fact exists.  Id. at 1435.

A fact is "material" for purposes of summary judgment if proof

4

of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. Id.; Feliciano v. City of Cleveland, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted); see Celotex, 477 U.S. at 322-23; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

5

<u>Corp.</u>, 475 U.S. 574, 586-87 (1986).

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. <u>Lucas v. Leaseway Multi Transp. Serv., Inc.</u>, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), <u>aff'd</u>, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Anderson</u>, 477 U.S. at 252; <u>see</u> <u>Cox v. Ky. Dep't of Transp.</u>, 53 F.3d 146, 150 (6th Cir. 1995).

## III. Analysis

At the outset, the Court notes that this is one of those hard cases that would have prompted Justice Holmes to make his pithy statement, "hard cases, make bad law." <u>See</u> <u>Northern Securities Co. v. U.S.</u>, 193 U.S. 197, 364, 24 S.Ct. 436, 468 (1904)(Holmes, J., dissenting). That the predatory features of the mortgage and Defendant's conduct are clear violations of TILA and HOEPA is apparent on the face of the mortgage documents. Were the Court to find for the Plaintiff, however, it would be making bad law.

Plaintiff is precluded from obtaining relief through rescission because the right to any such relief was cut-off by the sheriff's sale on May 23, 2003. TILA provides, in relevant part,

6

that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or **upon the sale of the property**, whichever occurs first." 15 U.S.C. § 1635(f)(emphasis added). "[A] foreclosure sale would terminate an unexpired right to rescind." 12 C.F.R. § 226, Supp. I, Paragraph 23(a)(3)-3.

Plaintiff argues that the sheriff's sale did not cut-off his right to rescission because the sheriff's sale was not finalized until after Plaintiff's statutory right to redemption had run. Plaintiff points to the case of Bankers Trust Company of Detroit v. Rose, in which the Supreme Court of Michigan held that "[l]egal title does not vest at once upon the auction sale on statutory foreclosure (Jones on Mortgages, § 1884), but only at the expiration of the period allowed for redemption." 322 Mich. 256, 260 (1948) (quoting McCreery v. Roff, 189 Mich. 558, 564 (1915)). Bankers Trust, however, is distinguishable in that, there, the debtors redeemed the property. Id. at 784 ("Defendants by their very act of redeeming caused that the plaintiff never became a purchaser of the premises within the meaning of the statute. . ."). Here, however, Plaintiff never redeemed. Moreover, In re Young, 48 B.R. 678, 680 (Bankr. E.D. Mich. 1985), distinguished Bankers Trust in that it "held that bare legal title only to the premises remains in the mortgagor, while the equitable title is transferred to the

7

purchaser upon a foreclosure sale:"

> After foreclosure was had and the property deeded by the sheriff to the highest bidder, plaintiffs' equity of redemption was lost and only a right of redemption during the statutory period remained.
>
>> "The equity of redemption is that interest in the land which is held by the mortgagor before foreclosure; **while the right of redemption is not an interest in the land at all, but a mere personal privilege given by statute to the mortgagor after the land has been sold under the mortgage.**" 2 Jones on Mortgages (7th Ed.), § 1038(a).

<u>In re Young</u>, 48 B.R. at 680 (emphasis added). Thus, Plaintiff's right of redemption is not an interest in land, but a legal right created by statute. Therefore, according to 15 U.S.C. § 1635(f), Plaintiff's right to rescind was cut-off by the sheriff's sale.

In addition, even if Plaintiff's right to rescind was not cut-off, Plaintiff failed to notify Defendant of his intention to seek rescission in time. An obligor exercises his right to rescission "by notifying the creditor, in accordance with regulations of the Board, of his intention to do so." 15 U.S.C. § 1635(a). The regulation of which § 1635(a) speaks is the Board of Governors of the Federal Reserve System's regulation 12 C.F.R. § 226.23, which establishes a notice requirement for exercising the right to rescission:

> To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of **written communication**. Notice is considered given when mailed, when filed for telegraphic

transmission or, **if sent by other means, when delivered
to the creditor's designated place of business**.

12 C.F.R. § 226.23(a)(2)(emphasis added).

Plaintiff contends that he exercised his right to rescission
by filing his complaint on November 20, 2003, three days before the
expiration of his right to redemption and the completion of the
sheriff's sale. Plaintiff, however, did not serve his complaint on
Defendant until December 9, 2003. See Stipulation and Order, at ¶
1 (Dec. 29, 2003). Plaintiff relies on the Fifth Circuit case of
Taylor v. Domestic Remodeling, Inc., 97 F.3d 96 (5th Cir. 1996),
which held that the filing of a complaint within the three-year
period constituted timely notice, despite the fact that the
plaintiffs did not serve the defendants until after that period
expired. Plaintiff also relies on various other cases which held
that the filing of a complaint was sufficient notice under TILA but
did not state when the complaint was ultimately served. Plaintiff
asks the Court to hold as the Fifth Circuit did in Taylor, that

> the filing of the complaint constitutes statutory notice
> of rescission pursuant to 12 C.F.R. § 226.23(a)(3), and
> . . . that this provides a common sense solution to a
> problem which might be otherwise unsolvable because of
> the many difficulties a plaintiff might have in
> completing service on a defendant without substantial
> delay.

Taylor, 97 F.3d at 100.

The Court, however, is not bound by Taylor, and the other

9

4:03-cv-40307-PVG   Doc # 27   Filed 08/04/05   Pg 10 of 12   Pg ID 370

cases relied upon lack persuasive value because they do not mention when the complaint was served and the defendants were ultimately given notice as contemplated by the statute. Also, this Court disagrees with the reasoning of the Fifth Circuit that the problem of notice under TILA "might be otherwise unsolvable because of the many difficulties a plaintiff might have in completing service on a defendant without substantial delay." Id. The issue of notice under TILA is not one of completing service, but of merely notifying a lender, such as by mail, telegram, or some "other means of written communication." 12 C.F.R. § 226.23(a)(2). To effectuate notice, Plaintiff could have simply sent Defendant a letter within the time period or even sent a copy of his complaint. Service of summons and complaint was not necessary.

By the plain language of the statute, a complaint can only serve as "other means of written communication," and the mere filing of a complaint without service on the defendant cannot reasonably be considered "deliver[y] to the creditor's designated place of business." 12 C.F.R. § 226.23(a)(2). See also Williams v. G.M. Mortgage Corp., No. 03-74788 (E.D. Mich. filed Aug. 18, 2004) (Rosen, J.) (Slip Op. at 12-13). While a holding that the filing of a complaint without service is sufficient notice of rescission would grant Plaintiff relief from Defendant's predatory loan, it would also be an erroneous interpretation of the

10

regulation, and, as such, would "make bad law." Instead, the Court holds that Plaintiff effectuated notice of rescission when he served Defendant with his complaint on December 9, 2003. Thus, according to 12 C.F.R. § 226.23(a)(2), Plaintiff attempted to exercise his right to rescission on December 9, 2003, sixteen days after the expiration of that right.

Plaintiff's right to rescission was cut-off by the sheriff's sale and his notice that he intended to exercise his right to rescind was untimely. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(2). Consequently, Plaintiff is precluded from receiving the relief he seeks.

Finally, in connection with Plaintiff's claim for rescission of the mortgage under 15 U.S.C. § 1635, Plaintiff also sought damages permitted under 15 U.S.C. § 1640(a)(2) and (3). Defendant, through its motion for summary judgment, argued that the remedy for damages is foreclosed to Plaintiff because the one-year limitation period has run. 15 U.S.C. § 1640(e). Plaintiff, in his response to Defendant's motion, admitted that the one year statute of limitation for civil damages had indeed expired. Pl. Resp. ¶ 16. Consequently, the relief requested by Plaintiff was limited to rescission of the mortgage.

**IV. Conclusion**

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Sterling

11

Mortgage's motion for summary judgment [docket entries 13 & 19] is **GRANTED** and Plaintiff's cross-motion for summary judgment [docket entry 20] is **DENIED**.

 **IT IS FURTHER ORDERED** that this action, **no. 03-40307**, is **DISMISSED WITH PREJUDICE**.

 **SO ORDERED**.


Dated:   <u> August 4, 2005 </u>       <u>s/Paul V. Gadola         </u>
                                     HONORABLE PAUL V. GADOLA
                                     UNITED STATES DISTRICT JUDGE

---

<div style="border:1px solid black; padding:10px;">

Certificate of Service

I hereby certify that on  <u> August 4, 2005 </u> , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

<u>                                                                                 </u>,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  <u> Gregory M. Abler; Eden J. Allyn                </u>.


                         <u>s/Ruth A. Brissaud         </u>
                         Ruth A. Brissaud, Case Manager
                         (810) 341-7845

</div>

12